HIER

v.

FEDERAL GLASS CO., Inc.

No. 1430.

Municipal Court of Appeals
District of Columbia.

Argued Feb. 1, 1954.

Decided Feb. 25, 1954.

Herman Miller, Washington, D. C., for appellant.

James W. Lauderdale, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

In August 1949 Hier contracted with Washingon Fixtures and Equipment Company for the purchase of some secondhand kitchen equipment and for the remodeling of his place of business. That company was a partnership consisting of Kotarides and Campagna. The contract price was $1,-

500. Hier paid $500 cash and gave a note for $1,075. The note provided for 15 monthly payments plus interest. It further provided that failure to pay any installment would automatically without demand or notice mature all the remaining installments. The first installment due December 1, 1949, was not paid. On December 13 of that year the partners negotiated the note to the Federal Glass Company, appellee. Demand for payment was made and refused by Hier on the ground that the kitchen equipment was defective.

Federal Glass sued Hier, and also Kotarides and Campagna, individually and as co-partners. The partners failed to answer and default judgment was entered for the amount of the note. Hier answered and denied liability, alleging failure of consideration and usury. He also cross-claimed against Kotarides and Campagna for the $500 he had paid them, plus $100 for a steam table traded in on the kitchen equipment. Kotarides answered the cross-claim, denied the allegations, and cross-claimed against Hier for the amount of the default judgment taken against him by Federal Glass. No pleadings were ever filed by Campagna.

At trial Federal Glass proved the assignment of the note to it for value, the demand for payment, and then rested its case. Hier admitted the execution of the note, but contended that the kitchen equipment was worthless. He also testified that he was allowed $100 for a steam table and that this allowance plus the $500 cash left a $900 balance, although he was required to sign a note for $1,075 in order to have the work performed. Kotarides denied the allowance on the steam table, but was unable to explain the $75 difference between the $1,000 he claimed that Hier owed and the $1,075 set out in the note.

The trial judge, sitting without a jury, found for Federal Glass against Hier in the full amount. After overruling Hier's motion for a default judgment on his $600 cross-claim against Campagna, the judge awarded Hier $335 on his cross-claim against Campagna and Kotarides. He also ruled for Hier on Kotarides' cross-claim. Only Hier appeals. He assigns as error the refusal of the court to find that Federal Glass was not a holder in due course and therefore was subject to any personal defenses he might have had against Kotarides and Campagna. With commendable frankness counsel for Federal Glass have confessed error, and we think he is correct in doing so. As Hier failed to make the first payment on December 1, the note matured as of that date, and Federal Glass, not being a holder in due course,[1] took it subject to any defense which Hier had against Kotarides and Campagna.[2]

Hier also assigns as error the failure of the court to award him a default judgment on his cross-claim against Campagna. In the record there is no pleading or defense by Campagna in response to Hier's cross-claim. However, in view of the fact that Hier's claim was unliquidated, he was only entitled to a judgment subject to ex parte proof. It is fair to assume that the testimony Hier could offer in so far as Campagna is concerned would be the same as that he offered against Kotarides. Therefore the judgment of $335 against Campagna will stand.

As no appeal was taken by Kotarides, the judgments on Hier's cross-claim against him and on Kotarides' cross-claim against Hier are not affected by this decision.

Judgment against Hier reversed and remanded, with instructions to award a new trial.

1. Code 1951, § 28-402.

2. Code 1951, § 28-408.